# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

M.M., by and through her Parents and
Next Friends, HEATHER and JOHN M.,

    Plaintiffs,

v.

EVANSTON TOWNSHIP HIGH SCHOOL
DISTRICT #202,

    Defendant.

Case No. _____

Honorable _____

## **COMPLAINT FOR ATTORNEYS' FEES**

NOW COME PLAINTIFFS, Heather and John M., individually and as Next Friends of M.M., an adult with a disability, by and through their attorneys, Matt Cohen & Associates, LLC, and as their Complaint for Attorneys' Fees, state as follows:

### **INTRODUCTION**

1. This cause of action arises from the efforts of Heather M. and John M., parents of M.M., to enforce M.M.'s right to a free appropriate public education (FAPE) under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq*; 34 C.F.R. §§ 300.1 *et seq*.

2. This cause of action follows an administrative decision in Plaintiffs' favor issued by Impartial Hearing Officer (IHO) Mary Jo Strusz on August 28, 2018, following a four-day due process hearing pursuant to the IDEA. (*See* Exhibit A).

3. Plaintiffs seek recovery of attorneys' fees and costs as the prevailing party in the administrative due process proceeding.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, based upon the federal question raised herein. There is a present and actual controversy between the parties to this action.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as Plaintiff resides within the Northern District of Illinois and all events and omissions giving rise to this Complaint occurred in the Northern District of Illinois.

## PARTIES

6. M.M. is a 21-year-old young woman. She resides with her parents, Heather M. and John M. (the Parents), within the jurisdictional boundaries of Evanston Township High School District #202 (the District). M.M. has been diagnosed with multiple disabilities, including Kabuki Syndrome, Adjustment Disorder with mixed anxiety and depressed mood, Immune Thrombocytopenic Purpura (ITP) and scoliosis. At all times relevant to this Complaint, M.M. was eligible to receive special education and related services as a student with a disability under the IDEA. 34 C.F.R. § 300.8.

7. Heather and John M. are the parents and plenary co-guardians of M.M. They were granted plenary guardianship of M.M. by the Circuit Court of Cook County Probate Division on February 25, 2016. (*See* Exhibit B).

8. Defendant Evanston Township High School District #202 is a local education agency (LEA) subject to the provisions of the IDEA and is thus responsible for providing M.M. with a FAPE and the procedural protections required therein. 34 C.F.R. §§ 300.28; 300.101.

## APPLICABLE LAW

9. Under the IDEA, a school district, like Defendant, must provide each student with a disability, such as M.M., with a free appropriate public education (FAPE). 34 C.F.R. § 300.101.

10. FAPE is defined as special education and related services that: a) are provided at public expense, under public supervision and direction, and without charge; b) meet state standards (including IDEA requirements); c) include an appropriate preschool, elementary school, or secondary school education; and d) are provided in accordance with a properly developed IEP. 34 C.F.R. § 300.17.

11. The IDEA provides parents with a right to a due process hearing concerning any matter related to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child. 34 C.F.R. § 300.507(a).

12. If parents are the prevailing party in a due process hearing, they are entitled to reasonable attorneys' fees and costs, pursuant to the IDEA. 34 C.F.R. § 300.517(a)(1)(i).

## FACTS

13. Plaintiffs requested a due process hearing, pursuant to the IDEA, on March 23, 2018, due to the District's failure to provide M.M. with a FAPE, including a lack of appropriate evaluations, goals, instruction, services, and placement.

14. Despite settlement negotiations, the parties were unable to reach an agreement to informally resolve their dispute.

15. An administrative due process hearing took place on August 14, 15, 16, and 18, 2018.

16. The IHO issued a decision on August 28, 2018, in which she held that Defendant denied M.M. a FAPE in violation of the IDEA.

17. The IHO ordered Defendant to place M.M. in her preferred educational program at District expense, including round-trip transportation, for the 2018-2019 school year and up to M.M.'s 22nd birthday, and to reimburse the Parents for tuition they had paid to the program up to that date, transportation costs, and multiple clinical evaluations of M.M. (*See* Exhibit A, p. 41).

18. Defendant did not appeal the IHO's decision within the 120-day limitations period prescribed by state law. 105 ILCS 5/14-8.02a(i). As such, the decision became final and unappealable on December 26, 2018.

19. Plaintiffs sent a demand for attorneys' fees to Defendant on January 9, 2019 (*See* Exhibit C).

20. Over the next six months, the parties negotiated a settlement of the Parents' claim for attorneys' fees and costs. (*See* Exhibit D).

21. During that period, Plaintiffs had to repeatedly contact Defendant in order to receive substantive responses to their offers of settlement. Defendant repeatedly failed to respond or requested additional time to respond, which Plaintiffs agreed to in the interest of cooperation and settlement. *Id*.

22. Plaintiffs ultimately agreed to a significant reduction in total fees and costs in order to resolve the dispute informally, without the need for litigation.

23. Once the parties agreed on the specific terms and language of a settlement agreement, Plaintiffs submitted a signed settlement agreement to Defendant on May 7, 2019. At that point, in order to finalize the agreement, all that needed to be done was for Defendant to sign the agreement and return the fully executed version to Plaintiffs.

24. Over the course of the next month, Defendant never signed the agreement and did not provide a substantive response despite at least five follow up emails and phone calls from Plaintiffs inquiring about the status of the agreement.

25. Plaintiffs incurred significant additional fees in pursuing a final agreement due to Defendant's delays and lack of communication.

26. On June 5, 2019, a month after Plaintiffs had submitted the signed agreement, they advised Defendant that they would no longer be able to accept the previously agreed upon amount if Defendant did not provide a signed agreement by June 7. Defendant did not provide any response until June 10, when they sent Plaintiffs a new version of the agreement with slightly revised language.

27. Plaintiffs responded that, per their June 5 email, they were unwilling to agree to the previous settlement amount and requested that Defendant agree to pay their full fees, including those incurred in pursuing settlement. To date, Defendant has refused to agree to provide any additional reimbursement of Plaintiffs' fees.

## ALLEGATIONS

28. Plaintiff repeats and realleges Paragraphs 1 through 27 herein by reference.

29. The IHO ruled in favor of Plaintiffs and awarded them all of the relief sought in their due process hearing request.

30. By virtue of obtaining such relief, Plaintiffs are the prevailing party in this matter and are entitled to an award of their reasonable attorneys' fees and costs, pursuant to the IDEA. 34 C.F.R. § 300.517(a)(1)(i).

31. As of January 9, 2019, Plaintiff's attorneys' fees and costs totaled $86,270.00.

32. Plaintiffs have incurred at least $10,754.94 in additional legal fees to date in pursuing recovery of their due process hearing fees. Plaintiffs are entitled to reimbursement of these "fees-on-fees."

33. Plaintiffs' total attorneys' fees and costs to date amount to $97,024.94.

34. Plaintiffs' attorneys' fees and costs are reasonable and consistent with the rates prevailing for the kind and quality of services furnished in this case. There are no special circumstances that would render the award of Plaintiffs' full request unjust, nor are the fees requested excessive.

35. Affidavits supporting the reasonableness of Plaintiffs' attorneys' fees from area attorneys who practice special education law are attached hereto. (*See* Exhibit E).

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Affirm that Plaintiffs were the prevailing party in the administrative due process proceeding against Defendant;

B. Order Defendant to reimburse all Plaintiffs' attorneys' fees and costs incurred up through the due process hearing;

C. Order Defendant to reimburse all Plaintiffs' attorneys fees and costs incurred in pursuing recovery of their due process hearing fees; and

D. Order any other and further relief, both legal and equitable, that this Court may deem just and proper.

Respectfully submitted on this 10th day of July, 2019,

        HEATHER M. AND JOHN M., ON
        BEHALF OF THEIR DAUGHTER, M.M.

        By their attorneys,

        */s/ Matthew D. Cohen*
        Matthew D. Cohen

        */s/ Bradley J. Dembs*
        Bradley J. Dembs

        Matt Cohen & Associates, LLC
        155 N. Michigan Ave., Suite 715
        Chicago, IL 60601
        (866) 787-9270
        mdcspedlaw@gmail.com
        bradspedlaw@gmail.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter. I also served the foregoing via email upon:

John A. Relias
Jennifer A. Smith
Attorneys for Defendant
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 786-6589
jar@franczek.com
jas@franczek.com

        */s/ Bradley J. Dembs*
        Bradley J. Dembs
        Matt Cohen & Associates, LLC
        155 N. Michigan Ave., Suite 715
        Chicago, IL 60601
        (866) 787-9270
        bradspedlaw@gmail.com